## APPEAL OF E. W. EDWARDS & SONS.

Docket No. 5318. Submitted November 30, 1925. Decided February 19, 1926.

The cost of constructing tunnels, under public streets, connecting store buildings, *held* to be capital expenditures and not ordinary and necessary expenses for the years in which paid.

*Charles E. Cooney, Esq.*, for the taxpayer.
*M. N. Fisher, Esq.*, for the Commissioner.

Before SMITH and TRUSSELL.

This appeal involves income tax liability for the fiscal years ended January 31, 1919, 1920, and 1921, as follows:

| | |
|---|---|
| Year 1919, overassessment | $4,181.04 |
| Year 1920, deficiency | 5,227.64 |
| Year 1921, deficiency | 12,181.54 |
| Total deficiency | 17,409.18 |

The deficiency arose from the action of the Commissioner in treating expenditures for certain tunnels under public streets and connecting certain stores of the taxpayer as capital expenditures and not allowing the cost thereof as a deduction from gross income.

### FINDINGS OF FACT.

1. The taxpayer is a New York corporation, with its principal place of business at Syracuse. It operated large department stores, both in Syracuse and Rochester, in said State.

2. In the year 1913 the taxpayer constructed, at a cost of $5,199.14, a tunnel under a street, known as Division Street, in the City of Rochester, which connected a large store upon leased premises with a new building it owned across the street.

In the year 1921 the taxpayer constructed tunnels under certain other streets, known as Liberty and St. Paul Streets, in the said City of Rochester, which connected two other stores owned by it on leased property with its store in its own building, at a cost of $25,826.94. The construction of the tunnels was authorized by ordinances of the said City of Rochester.

3. The taxpayer treated the cost of the said tunnels as a business expense and deduced $5,199.14 from the gross income for the year 1913 and the sum of $25,826.94 from the gross income for the fiscal year 1921. The Commissioner refused to allow said sums as deductible expense, but treated them as capital expenditures and also restored them to invested capital for the years affected thereby.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRUSSELL: The taxpayer contends that the tunnels were on municipal property; that the municipal officials had no authority to permit the construction of said tunnels; and that the taxpayer had no legal or equitable title to the same and only occupied the city property by license revocable at will.

The right of municipalities to grant franchises and permits for the exclusive use of parts of public streets, whether upon or over or under the surface thereof, has been long and generally recognized; and that such franchises and permits, and the construction necessary for the profitable use of the same, have a capital value which may be continuously used in carrying on business or may be the subject of purchase and sale so long as the franchises continue or the permits are not revoked, is too well established to be seriously

questioned. The taxpayer's tunnels were constructed under municipal ordinances, and so long as such ordinances remain unrepealed the right to use such tunnels and the cost of their construction must be presumed to have a continuing capital value to the taxpayer's business. The cost of constructing such tunnels should be treated as a capital expenditure, subject to an allowance for exhaustion of the construction cost.